[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiff Whetzel recovered on her claim against Stop 
Shop in a settlement to which Stop Shop and the third party defendant contributed. This is an indemnification claim in which the defendant Stop Shop seeks to recover from the third party defendant Alexander Moore for its contribution to the settlement plus its cost of defense.
The claim is based on a contract between these parties, under which Alexander Moore was obligated to defend and indemnify Stop Shop:
"10. INSURE AND INDEMNIFY
Contractor will defend and indemnify the Company against any and all losses, liabilities, claims and costs (including legal fees and costs of litigation) arising out of Contractor's CT Page 3919 performance of its services, failure to perform such services per this Contract or arising out of any other acts of the Contractor or its employees or agents, including claims by the Contractor's employees and agents."
 DISCUSSION I
The third party defendant argues that there is no evidence that the plaintiff's fall arose out of its performance of its services. Rather, it is alleged, the fall could have been caused by various acts of negligence on the part of Stop Shop.
Of course, Stop Shop could not be indemnified in this case if it were negligent and caused the plaintiff's injury.
However, there is no evidence to support a finding of Stop 
Shop's negligence. Mrs. Whetzel was quite clear on what did not cause her to fall, though she was imprecise as to the exact substance that was the cause of her fall.
The testimony of Mr. Piscatelli is conclusive on the issue of negligence. He describes the scene, the appearance of the contractor's employees, the wetting down of the floor, the appearance of Mrs. Whetzel and her movements, and finally the condition of the floor as he observed it. He eliminates the third party defendant's conjecture of leaking water from freezers or slippery produce on the floor, as does Mrs. Whetzel.
A careful reading of the depositions provided to the court compel the conclusion that the injury suffered by the plaintiff arose out of the contractor's performance of its services. They spread water over the floor and left a wet surface for the plaintiff to traverse.
 II
The third party defendant also argues that an occurrence such as the one in which the plaintiff was injured is not covered by the clause of the contract noted above.
That language is much to broad to be interpreted as requiring that there be negligence on the party of the contractor for indemnification to be had. CT Page 3920
The reliance on Fifield v. South Hill Limited Partnership,20 F. Sup.2d 366 (1998) is misplaced. That indemnification clause referred to "actions or inactions". The language in this case is much more sweeping and covers virtually all of the contractor's performance of its functions.
Stop Shop bargained for indemnification for just such episodes as occurred here and the third party defendant had a duty to defend and now to indemnify for that failure.
 CONCLUSION
The parties having agreed on the expenses incurred, judgment may enter for the third party plaintiff Stop Shop Companies, Inc. to recover of the third party defendant Alexander Moore the sum of $11,257.00 plus taxable costs.
Anthony V. DeMayo, J.T.R.